## John C. Wolcott *vs.* Peter Dooley.

Under Gen. Sts. *c.* 156, § 6, the plaintiff in an action of contract is not entitled to costs, if his claim is overbalanced by a set-off, and a verdict is returned for the defendant.

Contract, to recover $66.82 for services as an attorney at law. The defendant in his answer averred that he was ignorant "whether the services and fees charged in the plaintiff's bill of particulars are correct," and an account in set-off was filed, amounting to $57.60. At the trial in the superior court, a verdict was returned for the defendant, with $3.10 damages. It did not distinctly appear upon the bill of exceptions that the plaintiff's claim, as established at the trial, exceeded $20, and was overbalanced by the set-off; though the plaintiff contended that this was the fact. The plaintiff taxed full costs, but the taxation was disallowed by the clerk, and, on appeal, by the judge; and the plaintiff appealed to this court.

*J. C. Wolcott, pro se.*

*J. N. Dunham,* for the defendant.

Bigelow, C. J. We were at first inclined to the opinion that under Gen. Sts. *c.* 156, § 6, which is in substance the same as Rev. Sts. *c.* 121, § 11, the plaintiff in this case might be entitled to recover his costs, although the defendant had recovered a verdict for a balance due him on his set-off. But on a more careful consideration of these provisions of the statutes, with reference to their origin and the purpose they were designed to effect, we are satisfied that they were not intended to create an exception to the rule that the prevailing party only is entitled to recover costs. On reference to the chapter and section of the Revised Statutes above cited, it will be found that this provision regulating costs in cases where a set-off had been filed was

inserted among the enactments which were designed to restrain frivolous and improper appeals from the court of common pleas to the supreme judicial court, by imposing costs on the party, either plaintiff or defendant, who was in fault in transferring to the higher court a case, which ought to have been finally heard and determined in the lower court. The purpose of the provision contained in § 11 was to except parties from special liability for costs by reason of an appeal where the plaintiff established a claim sufficiently large to come within the proper jurisdiction of the supreme court, although it was reduced or entirely overbalanced by a set-off. This appears by the report of the commissioners on the Revised Statutes, by whom this provision was originally proposed. They say: " If the plaintiff demands two hundred dollars, and the defendant files a demand of equal amount in set-off, the case is a proper one for the supreme court; and neither party ought to be mulcted in costs for carrying it there, although the balance found due on either side should be only one dollar." By subsequent changes in the statutes regulating the jurisdiction of the courts and abolishing the system by which appeals on issues of fact from the court of common pleas to the supreme court were allowed, this provision of the Revised Statutes became inoperative. But in compiling the General Statutes, a similar enactment was inserted and made applicable to cases brought originally in the supreme or superior court, in which the plaintiff's claim, as established at the trial, exceeded $20, but was reduced by set-offs below that sum. Gen. Sts. c. 156, § 6. The purpose of introducing the provision was, that a plaintiff should not be deprived of his costs, under § 5 of the same chapter, because he recovered less than $20, if the reduction below that sum was occasioned by a set-off which could not have been proved in payment. The commissioners in their report say, in reference to this section, that it was " suggested by Rev. Sts. c. 121, § 11, and by the rules laid down in 2 Cush. 325, but makes no change in the law." From this it is apparent that it was not designed to make any new provision by which a plaintiff should be entitled to costs in a case where he had recovered no damages, but

the verdict was in favor of the defendant. The only ambiguity arises from the use of the word " overbalanced " in the section This was an appropriate and operative word, as applied in the Revised Statutes to cases of appeals ; but it seems to have but little if any force as it stands in the General Statutes. Its introduction is probably owing to the fact that the previous provision in the Revised Statutes was incorporated almost literally in the General Statutes without attention to the change which had been made in the subject matter to which the provision was made applicable.

From the statement of the course of legislation out of which the present enactment has grown, it would seem to be quite clear that the plaintiff is not entitled to costs. He is not the prevailing party in the action, and does not come within the general rule. He is not within the exception to the rule contained in Gen. Sts. *c.* 156, § 6, because that only applies to cases where the plaintiff prevails in the action but recovers less than $20 by reason of a reduction of his claim by a set-off. Indeed, if we were not aided in the construction of this provision of the statute by reference to its origin and history, it would be very difficult to maintain the plaintiff's claim to costs by interpreting it as an affirmative and substantive enactment, by which a plaintiff would be entitled to costs, although the defendant had recovered a verdict in the action. Its whole scope and purpose were to except cases, where the plaintiff's claim was reduced below $20 or overbalanced by set-offs which could not have been proved in payment, out of the operation of the previous section, which enacts, that if a plaintiff finally recovers less than $20 in an action originally brought in the supreme or superior court, he shall recover no costs. The cases thus excepted were left to the operation of the general rule by which the prevailing party is entitled to his full costs. In any view therefore, the plaintiff cannot maintain his claim for costs.

*Taxation affirmed.*